Case 3:08-cv-01264-BD   Document 41   Filed 12/29/09   Page 1 of 3   PageID 565

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 2 9 2009

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEVICES, INC. | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | §     NO. 3-08-CV-1264-BD |
| | § |
| SENIOR OPERATIONS, INC. | § |
| | § |
| Defendant. | § |

## MEMORANDUM ORDER

Plaintiff Devices, Inc. has filed a motion for $33,690.00 in attorney's fees as the prevailing party in this civil action. The fee request represents 107.3 hours expended by counsel for plaintiff at a billing rate of $300.00 per hour, and 10.0 hours expended by a briefing attorney at the rate of $150.00 per hour.[1] Defendant does not contest the time spent or the billing rates. Instead, defendant argues that the overall fee request should be reduced by fifty percent because the jury awarded plaintiff only one-half of the damages sought at trial.

In a diversity case such as this one, the issue of attorney's fees is governed by the same law that supplies the rule of decision. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Here, Texas law applies. The Texas Supreme Court has identified eight factors to be considered in evaluating the reasonableness of a fee request: (1) the time and labor required, the novelty and difficulty of the issues involved, and the skill required to litigate the case; (2) the ability of the attorney to accept other work; (3) the customary fee for similar work in the community; (4) the

---

[1] Plaintiff also seeks $15,000.00 in attorney's fees in the event of an unsuccessful appeal by defendant to the Fifth Circuit Court of Appeals, an additional $10,000.00 in fees for making or responding to a petition for writ of certiorari, and another $10,000.00 in fees in the event the U.S. Supreme Court grants certiorari review. Because defendant has not appealed the final judgment entered in this case, the court denies as moot plaintiff's request for appellate fees.

amount involved and results obtained; (5) time limitations imposed by the client or the circumstances of the case; (6) the nature and length of the attorney-client relationship; (7) the experience, reputation, and ability of the attorneys performing the services; and (8) whether the fee is fixed or contingent. *See Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). These factors are virtually identical to those identified by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Here, the only dispute involves the fourth factor--the amount involved and the results obtained. Because plaintiff obtained a judgment for only $41,305.00, instead of $82,611.00 requested at trial, defendant maintains that counsel should be awarded only one-half of her attorney's fees. The court agrees that some reduction is warranted, but determines that a fifty percent reduction is too harsh. Defendant does not dispute that counsel performed all the services and expended all the time itemized in the billing invoices attached to the fee application. Nor does defendant maintain that any of the time spent, services performed, or hourly rates charged by counsel are unreasonable. At trial, plaintiff prevailed on its breach of contract claim and overcame the affirmative defenses raised by defendant. Nevertheless, the court is mindful of the fact that the jury awarded plaintiff substantially less in damages than requested. Upon careful review of the time records submitted by counsel and after giving due consideration to the relevant *Arthur Andersen* factors, particularly the degree of success achieved by plaintiff, the court determines that a twenty percent fee reduction is appropriate.

Accordingly, plaintiff's motion for attorney's fees [Doc. #35] is granted, as modified. Plaintiff shall recover from defendant $26,952.00 in attorney's fees as the prevailing party in this litigation.

SO ORDERED.

DATED: December 29, 2009.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE